IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RICKY DALE HOLTSCLAW                                                              PLAINTIFF

v.                                            Case No. 2:16-CV-02020

MAYOR SANDY SANDERS, City of Fort
Smith, Arkansas; CHIEF OF POLICE KEVIN
LINDSEY, City of Fort Smith, Arkansas;
MAYOR LIONELD JORDAN; City of
Fayetteville, Arkansas; CHIEF OF POLICE
GREG TABOR, City of Fayetteville, Arkansas                                       DEFENDANTS

## OPINION AND ORDER

Before the Court are Defendants Kevin Lindsey and Sandy Sanders's motion to dismiss (Doc. 7), Defendants Lionel Jordan and Greg Tabor's motion to dismiss (Doc. 15), and Plaintiff Ricky Holtsclaw's responses. For the following reasons, the Court finds that the motions to dismiss (Docs. 7 and 15) should each be GRANTED and Holtsclaw's claims DISMISSED WITH PREJUDICE.

In ruling on a motion to dismiss, the Court must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party." *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012) (quoting *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000)). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). However, pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of the cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2009). "*Twombly* and *Iqbal* did not abrogate the notice pleading standard of [Federal] Rule [of Procedure] 8(a)(2). Rather, those decisions confirmed that Rule 8(a)(2) is satisfied 'when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for a misconduct alleged.'" *Hamilton v. Palm*, 621 F.3d 816, 817 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

Holtsclaw alleges that each defendant is participating in an unlawful policy of failing to prosecute violators of various Arkansas statutes or regulations on vehicle mufflers, for which they receive a financial benefit. As a result, Holtsclaw, his family, and others are purportedly being "audibly assaulted" constantly by motorcycle enthusiasts during local motorcycle rallies, which, Holtsclaw alleges, amounts to an actionable constitutional violation under 42 U.S.C. § 1983.

First, the Court finds that Holtsclaw has failed to plead sufficient factual allegations to state a claim to relief that is plausible on its face. Specifically, the substance of the allegations is that Defendants chose not to prosecute motorcycle owners for having excessively loud motorcycles and their failure to do so caused Holtsclaw and others ear pain. Primarily, however, the complaint consists of a lengthy, opinionated narrative full of rhetorical questions that if answered in the affirmative reflect Holtsclaw's views of a properly-administered system of justice. Interspersed throughout the narrative Holtsclaw makes vague mention of constitutional provisions, such as the Fourteenth Amendment, he believes were violated. To the extent there are factual allegations, they are neither quantitatively nor qualitatively sufficient to meet the pleading requirements of Federal Rule of Civil Procedure 8.

Second, and more importantly, even if the Court were to consider those constitutional provisions mentioned by Holtsclaw and construe them as bases for claims for relief under 42 U.S.C. § 1983, as Defendants have done, the Court would still grant the instant motion to dismiss. It is well-established that "a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution because a private

citizen lacks a *judicially cognizable* interest in the prosecution or nonprosecution of another." *Parkhurst v. Tabor*, 569 F.3d 861, 866 (8th Cir. 2009) (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (internal quotations omitted and emphasis added). Federal courts throughout the country "have maintained the distinction in standing between those prosecuted by the state and those who would urge the prosecution of others, even when the failure to prosecute was allegedly discriminatory." *Id.* (collecting cases). Because Holtsclaw was not subject to any prosecution and only seeks to challenge the decision to prosecute other individuals, the Court finds that he lacks standing to bring his claims. Accordingly, Defendant's motions (Docs. 7 and 15) are both GRANTED and Holtsclaw's complaint is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED this 20th day of July, 2016.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE